079381.347(207)  RMC:las  #397

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) 1:18-cv-05927<br>)<br>) |
| BELL & ARTHUR CONDOMINIUM ASSOCIATION, an Illinois not-for-profit corporation, MICHAEL MENTO, LISA MIJATOVIC, DRITON RAMUSHI, ALAN ALHOMSI, and NAWWAR ALHOMSI, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, State Auto Property & Casualty Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, Bell & Arthur Condominium Association, an Illinois not-for-profit corporation, Michael Mento, Lisa Mijatovic, Driton Ramushi, Alan Alhomsi, and Nawwar Alhomsi, alleges the following:

### JURISDICTION

1. The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage.

**VENUE**

2.  Venue is premised upon 28 U.S.C. § 1391 as the Defendants are residents of this District.

**THE PARTIES**

3.  State Auto Property & Casualty Insurance Company ("State Auto") is an Iowa insurance corporation, which maintains its principal place of business in Columbus, Ohio, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4.  Bell & Arthur Condominium Association ("the Association") is an Illinois not-for-profit corporation which maintains its principal place of business in Chicago, Illinois.

5.  Michael Mento ("Mento"), Lisa Mijatovic ("Mijatovic") and Driton Ramushi ("Ramushi") each are or were officers or directors of the Association, and each is a citizen and resident of the State of Illinois.

6.  Alan Alhomsi and Nawwar Alhomsi, his wife ("the underlying Plaintiffs") are the plaintiffs in a certain action brought against the Association, Mento, Mijatovic, Ramushi and others in another Court, which action will be more fully described later herein, and who are nominal but interested parties to this declaratory judgment action. State Auto seeks no relief from the underlying Plaintiffs, who have been joined herein as defendants solely in order to be bound by the judgment rendered in this cause. The underlying Plaintiffs are either residents of the State of Illinois, and are citizens of Illinois or of a State other than Iowa and Ohio, or are citizens of another country.

### THE STATE AUTO POLICY

7.  State Auto issued its policy of insurance numbered BOP 258127304 to the Association as named insured. The policy provided for Businessowners Liability Insurance, on a primary basis, for the effective period of December 6, 2014 to December 6, 2015. A certified copy of the State Auto policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

### THE UNDERLYING LITIGATION

8.  The underlying Plaintiffs filed an action against the Association, Mento, Mijatovic and Ramushi in the Circuit Court of Cook County, Illinois, under Cause No. 17 L 3486. A true and correct copy of the Second Amended Verified Complaint in that action is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

### TENDER OF DEFENSE

9.  The Association, Mento, Mijatovic and Ramushi tendered their defense to State Auto, and State Auto accepted that tender subject to reservation for the reasons herein stated.

### COUNT I
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND)

10. Sate Auto adopts and repeats the allegations of ¶¶ 1 through 9 as and for ¶ 10 hereof as though the same was fully set forth herein.

11. While the State Auto policy, Pleading Exhibit A, extends coverage to an insured for "bodily injury," or "property damage," or "personal injury," as defined therein,

3

as caused by an "occurrence," or otherwise, the claims in the underlying action by the underlying Plaintiffs do not involve those terms as defined.

12. State Auto contends that the Association, Mento, Mijatovic and Ramushi are not entitled to any coverage under the State Auto policy because of one or more or all of the following reasons:

    (a) That the claims of the underlying Plaintiffs do not involve an "occurrence" as defined by the policy of insurance, that is, there is no allegation of accidental conduct.

    (b) That the claims of the underlying Plaintiffs do not involve "property damage" caused by an "occurrence" as defined by the policy of insurance.

    (c) That the claims of the underlying Plaintiffs do not involve "bodily injury" as defined by the policy of insurance.

    (d) That the claims of the underlying Plaintiffs if they involve either "bodily injury" or "property damage" are specifically excluded from coverage as the claims arose out of and are in connection with conduct by the individuals which is not part of their duties as officers or directors of the Association.

    (e) That there is no coverage under the policy for the breach of a contract.

    (f) That there is no coverage under the policy for fraud.

    (g) That there is no coverage under the policy for personal injury publication at the direction of the insured with knowledge of its falsity.

    (h) That there is no coverage under the policy for an alleged breach of a duty allegedly owed to the underlying Plaintiffs which was intentionally breached by the Insureds.

    (i) That there is no coverage under the policy for an alleged scheme to harm the underlying Plaintiffs.

      (j)      That the claims of the underlying Plaintiffs if they involve "personal injury" are specifically excluded from coverage as the claims arise out of and are in connection with conduct by the individuals which is not part of their duties as officers or directors of the Association.

13. The above contentions of State Auto are, on information and belief, denied by the Association, Mento, Mijatovic and Ramushi who, in turn, contend that they are entitled to coverage under the State Auto policy of insurance. State Auto, in turn, denies the contrary contentions of those Defendants and each of them.

14. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 U.S.C. § 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

## COUNT II
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND)

15. State Auto adopts and repeats the allegations of ¶¶ 1 through 9 as and for ¶ 15 hereof as though the same was fully set forth herein.

16. While the State Auto policy, Pleading Exhibit A, extends coverage to an insured for a "wrongful act" as defined therein, by the Association or a director or officer, namely, Mento, Mijatovic or Ramushi, the claims in the underlying action by the underlying Plaintiffs do not involve a "wrongful act" as that term is defined or the claims

5

are excluded or the claims were made after the expiration of the policy period and are not covered.

17. State Auto contends that the Association, Mento, Mijatovic and Ramushi are not entitled to any coverage under the State Auto policy under the Directors and Officers coverage because there is no allegation against any one or all of them for a non-intentional act, error, omission or breach of duty while acting in their capacity as a director or officer of the Association.

18. The above contentions of State Auto are, on information and belief, denied by the Association, Mento, Mijatovic and Ramushi who, in turn, contend that they are entitled to coverage under the State Auto policy of insurance. State Auto, in turn, denies the contrary contentions of those Defendants and each of them.

19. By reason of the foregoing, an actual and justiciable controversy exits between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 U.S.C. § 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

## COUNT III
### (REIMBURSEMENT OF DEFENSE COSTS)

20. State Auto adopts and repeats the allegations of ¶¶ 1 through 19 as and for ¶ 20 hereof as though the same were fully set forth herein.

21. The policy provides that where, as here, State Auto does not have a duty to defend because a court determines that the insurance does not apply and a defense has been provided, then State Auto is entitled to reimbursement from the insureds of all amounts paid by State Auto for the defense provided in the action brought by the underlying Plaintiffs.

22. State Auto contends that it is entitled to reimbursement of any defense costs incurred on behalf of the insureds because there is no duty to defend as alleged in Counts I and II hereof.

23. State Auto further contends that it is entitled to reimbursement of the expense it incurred on behalf of its insureds pursuant to their contractual agreement with State Auto pursuant to the policy and to avoid an unjust enrichment.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, State Auto Property & Casualty Insurance Company, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A. That State Auto Property & Casualty Insurance Company has no duty or obligation to provide a defense to Bell & Arthur Condominium Association for the action filed in the Circuit Court of Cook County, Illinois under Cause No. 17 L 3486, under its policy of insurance.

B. That State Auto Property & Casualty Insurance Company has no duty or obligation to provide a defense to Michael Mento for the action filed in the

7

Circuit Court of Cook County, Illinois under Cause No. 17 L 3486, under its policy of insurance.

C. That State Auto Property & Casualty Insurance Company has no duty or obligation to provide a defense to Lisa Mijatovic for the action filed in the Circuit Court of Cook County, Illinois under Cause No. 17 L 3486, under its policy of insurance.

D. That State Auto Property & Casualty Insurance Company has no duty or obligation to provide a defense to Driton Ramushi for the action filed in the Circuit Court of Cook County, Illinois under Cause No. 17 L 3486, under its policy of insurance.

E. That the Court grant State Auto Property & Casualty Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

F. That State Auto Property & Casualty Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT II:

A. That State Auto Property & Casualty Insurance Company has no duty or obligation to provide a defense to Bell & Arthur Condominium Association for the action filed in the Circuit Court of Cook County, Illinois under Cause No. 17 L 3486, under its policy of insurance.

B. That State Auto Property & Casualty Insurance Company has no duty or obligation to provide a defense to Michael Mento for the action filed in the Circuit Court of Cook County, Illinois under Cause No. 17 L 3486, under its policy of insurance.

C. That State Auto Property & Casualty Insurance Company has no duty or obligation to provide a defense to Lisa Mijatovic for the action filed in the Circuit Court of Cook County, Illinois under Cause No. 17 L 3486, under its policy of insurance.

D. That State Auto Property & Casualty Insurance Company has no duty or obligation to provide a defense to Driton Ramushi for the action filed in the Circuit Court of Cook County, Illinois under Cause No. 17 L 3486, under its policy of insurance.

E. That the Court grant State Auto Property & Casualty Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

F. That State Auto Property & Casualty Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT III:

A. That State Auto Property & Casualty Insurance Company is entitled to a judgment against Bell & Arthur Condominium Association, Michael Mento, Lisa Mijatovic and/or Driton Ramushi for the amount of defense costs and

      expenses incurred by State Auto Property & Casualty Insurance Company on their behalf in connection with the action filed in the Circuit Court of Cook County, Illinois, under Cause No. 17 L 3486, under its policy of insurance.

B.   That the Court grant State Auto Property & Casualty Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.   That State Auto Property & Casualty Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

                                    Respectfully submitted:

                                    s/ Robert Marc Chemers

                                  Robert Marc Chemers
                                  Bar Number: 0431508
                                  PRETZEL & STOUFFER, CHARTERED
                                  One South Wacker Drive, Suite 2500
                                  Chicago, Illinois 60606
                                  Telephone:   (312) 578-7548
                                  Fax:             (312) 346-8242
                                  E-Mail: rchemers@pretzelstouffer.com
                                  *Attorney for Plaintiff*
                                  *State Auto Property &*
                                  *Casualty Insurance Company*