IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY & CASUALTY INSURANCE CO., | )<br>)<br>) |
| Plaintiff, | )<br>) No. 18 C 5927 |
| v. | )<br>) Judge Virginia M. Kendall |
| BELL & ARTHUR CONDOMINIUM ASSOCIATION, et al., | )<br>)<br>) |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff State Auto is an Iowa insurance corporation, which at all times transacted insurance business in the State of Illinois and elsewhere. (Dkt. 105 ¶ 1.) Defendants Bell & Arthur Condominium Association ("the Association") is based in Chicago, Illinois, along with individual defendants Michael Mento, Lisa Mijatovic, Driton Ramushi, and Seli Benko, who were officers or directors of the Association. (*Id.* ¶¶ 2-3). Defendants Alan and Nawwar Alhomsi are the plaintiffs in a civil action brought against the Association and the Individual Defendants in Illinois state court that pertains to fraud, conversion, property damage, misuse of corporation funds by board members of the Association. (*Id.* ¶ 4, 19; Dkt. 28-1). The underlying action is currently ongoing and State Auto brought the current lawsuit seeking a Declaratory Judgment regarding whether it had to defend the Association and Individual Defendants and the Reimbursement of its Defense Costs. (Dkt. 28-1 ¶¶ 10-14; 15-19, 20-23). State Auto has already received a Default Judgment against the Alhomsi

1

Defendants. (Dkt. 104). State Auto now seeks Summary Judgment for its Declaratory Judgment on its Duty to Defend. (Dkt. 106). For the reasons discussed below, State Auto's Motion for Summary Judgment is granted.

## BACKGROUND

The following facts are undisputed and relate largely to the policy and the underlying litigation. The Defendants did not file a response, so all the facts detailed in State Auto's Rule 56.1 Statement of Facts (Dkt. 105) are deemed admitted. *See* Local Rule 56.1(b)(3)(C); *Smith v. Lamz*, 321 F.3d 680, 682-83 (7th Cir.2003)(When a responding party's statement fails to controvert the facts as set forth in the moving party's statement in the manner dictated by the rule, those facts shall be deemed admitted for purposes of the motion). State Auto is an Iowa insurance corporation, which maintains its principal place of business in Columbus, Ohio, and which at all times transacted insurance business in the State of Illinois and elsewhere. (Dkt. 105 ¶ 1). Bell & Arthur Condominium Association is a not-for-profit corporation with its principal place of business in Chicago, Illinois. (*Id.* ¶ 2). Michael Mento, Lisa Mijatovic, Driton Ramushi, and Seli Benko (collectively "the Individual Defendants") were officers or directors of the Association. (*Id.* ¶ 3). Alan Alhomsi and Nawwar Alhomsi are the plaintiffs in the underlying civil action brought against the Association, Mento, Mijatovic, Ramushi, and Benko in the Circuit Court of Cook County, Illinois under Cause No. 17 L 3486. (*Id.* ¶ 4, 19).

The Alhomsi's Third Amended Complaint contains 27 separate counts. (*Id.* ¶ 20). The heart of the lawsuit is a dispute between the Alhomsis and the Association.

(Dkt. 29-1). The Alhomsi suit, which is brought *pro se*, seeks $200,000 in damages for fraud, conversion, property damage, and misuse of corporate funds. (Dkt. 29-1 ¶ 2). The specific claims include allegations that the Board was unduly elected; fraud for Board personation; fraud for roof and masonry work; breach of contract; conversion relating to the treasurer's salary; conversion for compensation of attorneys representing the Board; conversion for the Board declining to purchase a condominium for sale; unauthorized and unlawful expenditure including for a new porch; property to a boiler; forbearance of an assessment payment; failure to perform Board member duties; municipal code breach for lack of hot water; negligence for a lawsuit brought by the Association's former waste management company that settled; denial of a records inspections requested by the Alhomsi Defendants; breach of contract for an unreleased lien against the Alhomsi's condominium and for repair of the building's boiler, and for alleged faulty plumbing; property damage to cameras; trespass for sliding documents under plaintiffs' door and for entering the residence to place a letter in the kitchen, defamation of character (two individual counts); infliction of emotional distress; breach of fiduciary duty; damage and theft to cameras; breach of a restraining order; and breach of an agreed order. (Dkt. 28-1 ¶¶ 40-391). Many of the Counts were brought as derivative on behalf of the Board. (*Id.*). As admitted by Defendants, Counts 1, 10, 15-21, and 23-27 of the Third Amended Complaint seek damages for an occurrence or offense which occurred after December

6, 2015, which is after the expiration of the State Auto policy. (*Id.* ¶ 21).[1] During the course of the Underlying Litigation, Alan Alhomsi became a duly elected member of the Board of Directors. (Dkt. 105 ¶ 22).

State Auto issued its policy of insurance numbered BOP 238127304 to the Association as named insurer and provided for Businessowners Insurance, on a primary basis, for the effective period of December 6, 2014 to December 6, 2015. (*Id.* ¶ 7). State Auto's Statement of Facts quotes extensively from the policy, but the Court excerpts the sections most relevant to the Court's decision. The State Auto Commercial General Liability Coverage Forms states under Section I "Coverages" that:

> "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply. We may, at our discretion, investigate any 'occurrence' and settle any claim or 'suit' that may result." (*Id.* ¶ 14).

The Coverage Form states that "[t]his insurance applies to 'bodily injury' and 'property damage' only if: (1) The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory'; (2) The 'bodily injury' or 'property damage' occurs during the policy period." (*Id.*).

---

[1] Neither the Association nor the Individual Defendants filed a response to State Auto's Rule 56.1 Statement of Fact, (Dkt. 105) so this fact is deemed admitted, despite Defendants disputing this specific fact in their brief. Local Rule 56.1(b)(3)(C).

4

Under "Exclusions," the Coverage Form says that the insurance does not apply to "Expected Or Intended Injury," which includes "'Bodily injury' or 'property damage' expected or intended from the standpoint of the insured." (*Id.*).

Under "Coverage B Personal and Advertising Injury Liability" the policy states:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for 'personal and advertising injury' to which this insurance does not apply. We may, at our discretion, investigate any offense and settlement any claim or 'suit' that may result.

(*Id.* ¶ 15). The policy further states that "this insurance applies to 'personal and advertising injury' caused by an offense arising out of your business but only if the offense was committed in the 'coverage territory' during the policy period." (*Id.*).

Under Section V "Definitions," the following relevant definitions are listed:

- "'Bodily injury' means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
- 'Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
- 'Personal and advertising injury' means injury, including consequential 'bodily injury', arising out of one or more of the following offenses:
    - Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
    - Oral or written publication, in any manner, of material that violates a person's right of privacy;
- 'Property damage' means:
    - Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    - Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it." (*Id.* ¶ 16).

5

## LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see, e.g., Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 485 (7th Cir. 2019). There was no response to the Rule 56 statement of facts and so they are not disputed. The Court is still required to ensure that those facts support the granting of summary judgment.

In Illinois, "the interpretation of an insurance policy is a question of law that is properly decided by way of summary judgment." *JAR Labs. LLC v. Great Am. E & S Ins. Co.*, 945 F. Supp.2d 937, 942 (N.D.Ill. 2013) (citing *BASF AG v. Great American Assur. Co.,* 552 F.3d 813, 818–19 (7th Cir. 2008)). A court determines whether an insurer has a duty to defend by examining the underlying Complaint and the language of the insurance policy. *Gen. Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co.*, 828 N.E.2d 1092, 1098 (Ill. 2005). The Court bears in mind that "an insurer's duty to defend its insured is broader than its duty to indemnify. If an insurer has no duty to defend, it has no duty to indemnify." *Nat'l Cas. Co. v. McFatridge*, 604 F.3d 335, 338 (7th Cir.2010). However, "once the duty to defend is found to exist with respect to one or some of the theories of recovery advanced in the underlying litigation, the insurer must defend the insured with regard to the remaining theories of recovery as well." *Nat'l Union Fire Ins. Co. v. Glenview Park Dist.*, 632 N.E.2d 1039, 1042–43 (Ill. 1994). The burden of proving that a claim falls

6

within an exclusion rests squarely on the insurer. *Hurst–Rosche Eng'rs. Inc. v. Commercial Union Ins. Co.*, 51 F.3d 1336, 1342 (7th Cir.1995).

## DISCUSSION

The question before the Court is whether the allegations in the Alhomsi Defendant's underlying Complaint trigger State Auto's duty to defend. To answer that question, the Court looks to Illinois law, which the parties agree governs this dispute. *McFatridge,* 604 F.3d at 338. Illinois law requires the comparison of the allegations in the Alhomsi's complaint with the express language in the insurance policy to determine whether the insurer's duty to defend has been triggered. *Northfield Ins. Co. v. City of Waukegan*, 701 F.3d 1124, 1129 (7th Cir. 2012). "If the underlying complaint alleges facts within or potentially within policy coverage, an insurer is obligated to defend its insured even if the allegations are groundless, false or fraudulent." *Gen. Agents Ins. Co. of Am.*, 828 N.E.2d at 1098. An insurer may justifiably refuse to defend the insured only if "it is clear from the face of the underlying complaint[ ] that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage." *U.S. Fid. & Guar. Co. v. Wilkin Insulation Co.,* 578 N.E.2d 926, 930 (Ill. 1991).

State Auto claims the policy does not trigger the duty to defend on several grounds. They claim that some of the counts are precluded because they fall outside the policy coverage, (Dkt. 106-1 at 3); that the State Auto policy excludes coverage for claims brought or maintained by or on behalf of an insured, (*Id.* at 4-6); that the policy does not cover the Association's claims as the underlying plaintiffs cannot prosecute

7

or recover those damages, (*Id.* at 6-7); that there is no coverage for claims that do not involve "bodily injury" or "property damage" caused by an occurrence and the policy excludes expected or intended injury, (*Id.* at 7-8); there is no coverage for personal and advertising injury liability, (*Id.* at 9-10); and that there is no coverage for the individual defendants for claims that arose out of or in connection with conduct that was not part of their duties as officers or directors of the Association. (*Id.* at 10-13). State Auto's arguments are piecemeal, focusing on specific counts when raising alternate theories. The Court will thus start with the most comprehensive argument, that there is no coverage for claims not involving "bodily injury" or "property damage" caused by an occurrence.

I. **Bodily or Property Damage**

A. **There was no bodily injury or property damage caused by an occurrence alleged in multiple counts**

State Auto states that their Motion for Summary Judgment should be granted because there is no coverage for claims not involving "bodily injury" or "property damage" caused by an occurrence and the policy excludes expected or intended injury. (Dkt. 106-1 at 7). A court determines whether an insurer has a duty to defend by examining the underlying Complaint and the language of the insurance policy. *Gen. Agents Ins. Co. of Am., Inc.*, 828 N.E.2d at 1098. Here, we will start by looking at the language of the insurance policy. The policy states:

> "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to

8

which this insurance does not apply. We may, at our discretion, investigate any 'occurrence' and settle any claim or 'suit' that may result." (Dkt. 105 ¶ 14).

The Coverage Form states that "[t]his insurance applies to 'bodily injury' and 'property damage' only if: (1) The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory'; (2) The 'bodily injury' or 'property damage' occurs during the policy period." (*Id.*). In the policy, an occurrence is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (*Id.* ¶ 16).

State Auto argues that the Complaint does not allege property damage or bodily injury. State Auto argues that "the policy is unambiguous and only covers claims that an insured becomes legally obligated to pay as damages because of bodily injury or property damage to which the insurance applies," which they argue is only an occurrence. (Dkt. 106-1 at 8). Although they did not respond to the statement of facts, the Association and the Individual Defendants filed a responsive pleading in which thethe Association says that "the Underlying Litigation involves allegations that there were problems caused by the boiler that were 'increasing gradually over time" and that these allegations "are more akin to damages caused by accident or an occurrence than intentional conduct." (Dkt. 107 at 5). The Individual Defendants do not argue that the underlying Complaint alleges property damage or bodily injury. (Dkt. 108).

The policy unambiguously applies to "bodily injury" and "property damage" only if the damage is caused by an occurrence and Alhomsi's Complaint does not allege bodily injury or property damage caused by an occurrence. Counts 1, 2, 3, 4,

9

5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 23, 26, and 27 do not allege anything pertaining to property damage or bodily injury relating to an occurrence, even in a light read generously to the policy holders.[2] The Individual Defendants claim that Count 4 alleges property damage as the Count is for fraud relating to replacing the building's roof and masonry. (Dkt 108 at 3). The Association further claims that the alleged property damage in Count 4 gave rise to bodily injury. (Dkt. 107 at 3). However, even if the Court were to construe this count broadly as property damage, or even bodily injury, the Defendants do not argue, nor can they, that this Count would constitute property damage as a result of an occurrence, i.e. an accident. The Complaint does not allege any facts to indicate the damage to the roof or masonry was a result of an occurrence and thus it does not fall within the policy's coverage.

There are a several counts where property damage is alleged on the face of the Complaint, namely Counts 10, 17, 22, 24 and 25. Yet Counts 10, 17, 24 and 25 are outside of the policy term and are therefore not covered by the policy. That leaves Count 22, which states that Defendants Mento & Trusts, Mijatovic and Ramushi breached their fiduciary duty by committing property damage, among many other claims.[3] (Dkt. 28-1 ¶ 340). The Complaint contains no details about how Mento and

---

[2] The claims are Unduly Elected Board – Now, Unduly Elected Board – 2014-2016, Fraud – Board Personation, Fraud- Roof & Masonry, Breach of Contract, Conversion – Treasurer Salary, Conversion – Attorneys, Conversion – Mento Condominium, Unauthorized and Unlawful Expenditure, Forbearance of Assessment Payment, Failure to Perform Board Members Duties, Municipal Code Breach – Hot Water, Negligence – Waste Management Lawsuit, Denial of Records Inspection, Breach of Contract, Trespass, Defamation of Character, Infliction of Emotional Distress, Breach of Fiduciary Duty – Unlawful Rules, Breach of Fiduciary Duty, Defamation of Character (Per Se), Breach of Restraining Order (Mento), Breach of Agreed Order (Mento).
[3] The Court notes that the Complaint seemingly indicates that only Mento and Driton committed property damage.

10

Driton committed property damage or when this damage occurred.[4] While the Court is mindful that the underlying Complaint and insurance policy "must be liberally construed in favor of the insured," the Alhomsi Defendants do not plead specific facts about property damage giving rise to a breach of fiduciary duty that would support policy coverage. *United States Fid. & Guar. Co.,* 578 N.E.2d at 930. A theory "cannot be supported by the complaint if the complaint does not allege facts to support the elements of that theory.... [W]e will not read into the complaint facts that are not there." *Lagestee-Mulder, Inc. v. Consolidated Ins. Co.,* 682 F.3d 1054, 1059 (7th Cir. 2012) (citing *Pekin Ins. Co. v. Roszak/ADC, LLC,* 931 N.E.2d 799, 806 (Ill. 2010)). In other words, the "mere possibility that covered damage occurred does not trigger a duty to defend under Illinois law," as the Court is not permitted to speculate about possible factual scenarios that are absent from the claim itself. *Lagastee-Mulder, Inc.*, 682 F.3d at 1059. Thus, while it is possible that the property damage giving rise to a breach of fiduciary duty transpired during the policy period, the Alhomsi Defendants failed to plead any facts to indicate that property damage occurred or that it occurred during the policy period and the Court declines to infer that it did. Simply stating that there was property damage with no additional detail is not enough.

### B. Bodily or Personal Injury Outside the Policy Period

---

[4] The Court could speculate that the property damage mentioned in Count 22 likely relates to Count 10, as it pertains to the same Defendants. If so, then Count 22 would fail for the same reason Count 10 fails for being outside the policy period. However, given that there are literally no details alleged, the Court declines to speculate on what possible property damage the Alhomsi Defendants refer to in Count 22.

11

The Alhomsi's Complaint alleges, on its face, that property damage occurred in Counts 10, 17, 24 and 25, but as previously noted these Counts do not fall within the policy period. It is undisputed that the policy only covers bodily injury or property damage that occurs within the policy period, which ran from December 6, 2014 to December 6, 2015. (Dkt. 108 ¶ 7). All Counts have been admitted as being outside the policy period. (Dkt. 105 ¶ 21). Under Illinois law, an insurer can justifiably refuse coverage when the underlying allegations accrue outside of the relevant policy period. *Northfield Ins. Co.*, 701 F.3d at 1129 (7th Cir. 2012).

Defendants argue in their reply brief, that Count 10 pertains to property damage to a boiler that was ongoing. The Complaint alleges that on or about March 10, 2016, the Association was the owner of the boiler, that the boiler was damaged, and the Association had to buy a new boiler in October 2016. (Dkt. 28-1 ¶¶ 173-180). Although both the Association and the Individual Defendants claim that this was an ongoing issue that existed during the relevant coverage period, (Dkt. 107 at 4; Dkt. 108 at 4) nothing in the Complaint indicates the possibility that the issue started prior to 2016. The Association also throws out an undeveloped argument without support that because the Complaint alleges "holes inflicted in the top part of the first water section in the boiler," show that damage could have been caused by accidental or unforeseen circumstances. (Dkt. 107 at 5). As discussed above, a "theory cannot be supported by the complaint if the complaint does not allege facts to support the elements of that theory.'" *Lagestee-Mulder, Inc.*, 682 F.3d at 1059. As it stands, the Complaint alleges the damage was done between March and October 2016, well

12

outside the policy period. Most importantly, we are at the summary judgment stage, not the pleading stage. If Defendants had any facts to support their ongoing occurrence claim or an accidental and unforeseen circumstances claim, the time to have presented them was in response to the statement of undisputed facts – which they failed to do.

Even looking to Plaintiff's own pleadings, Counts 17, 24 and 25 do not allege facts that place it within the policy period. Count 17 alleges property damage to cameras that occurred from April 28, 2016 until at least January 2018, which is outside the policy period. (Dkt 28-1 ¶¶ 263-267). Count 24 alleges theft of cameras, and thereby damage to personal property, that occurred on August 30, 2018, which is outside the policy period. (*Id.* ¶¶ 360-361). Finally, Count 25, which is about property damage to the aforementioned cameras from Count 24, also occurred on August 30, 2018, which is outside the policy period. (*Id.* ¶¶ 364-366).

## II. Personal and Advertising Injury Liability

Plaintiff's own pleadings also are fatal to Counts 19 and 23, the defamation per se claims. Such allegations feasibly trigger coverage under the personal and advertising injury coverage, which is detailed in the policy as meaning "injury, including consequential 'bodily injury', arising out of one or more of the following offenses: Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; Oral or written publication, in any manner, of material that violates a person's right of privacy." (Dkt. 105 ¶ 16). However, once again, the

allegations in the Complaint fall outside the policy period, which was December 6, 2014 to December 6, 2015. (*Id.* ¶ 7). First, Count 19 alleges Defendants made statements between September 24, 2016 through August 31, 2018. (Doc. 28-1 ¶ 286). Count 23 alleges a statement was made on June 24, 2018 (Doc. 28-1, ¶¶ 347, 350). Both of these alleged statements were clearly made outside of the policy period. Neither the Association nor the Individual Defendants present a rebuttal to show that these statements were made during the policy period.

### III. Remaining Claims

Because there are no bodily injuries, property injuries, or personal or advertising injuries alleged during the policy period that would trigger coverage, the motion for summary judgment is granted. As such, no other claims need be addressed.

## CONCLUSION

State Auto has shown that there are no genuine issues of material fact on whether it has a duty to defend the Association and Individual Defendants. Accordingly, State Auto's Motion for Summary Judgment [106] is granted.

_____
Virginia M. Kendall
United States District Judge

Date: April 14, 2020